24 C.C.P.A. (Patents)

## In re GENSBURG.

### Patent Appeal No. 3691.

Court of Customs and Patent Appeals.
Jan. 4, 1937.

Clarence E. Threedy and Charles B. Cannon, both of Chicago, Ill., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The Board of Appeals of the United States Patent Office affirmed the action of the Primary Examiner in denying patentability of claim No. 7, the only remaining claim, in view of the prior art, of appel-

lant's application for a patent relating to a pin and marble game apparatus. Appellant has appealed here for a review of the decision of the Board.

The references relied upon were: Mendes et al., 1573415, February 16, 1926; Rentz, 1694691, December 11, 1928; Paulin et al., 1938495, December 5, 1933.

The claim reads as follows:

"7. A pin and marble game apparatus comprising a cabinet, an inclined playing board arranged in the cabinet and upon which balls are adapted to be projected by gravitation thereover and including an area having a plurality of ball exit openings provided therein with the openings arranged at equal intervals from each other and in acrostic rows to receive the balls from said board, a panel slidably arranged within the cabinet beneath the inclined board and having ball exit openings formed therein adapted to register with the ball exit openings of the inclined board and said panel when in position with its exit openings disposed from registration with respect to the ball exit openings of the inclined board serving to support balls in the openings of the inclined board in a pattern formation, baffle members adjacent the said ball exit openings of said inclined board against which balls gravitating upon said board are adapted to contact and be deflected into the ball exit openings of said inclined board, means for projecting balls upon said board, and means for moving said ball supporting panel to release the said balls from the ball exit openings of the inclined board."

The amusement game disclosed in appellant's application is quite similar to the games disclosed in the references. The claim covers an apparatus which has a cabinet in which is an inclined board, having various numerically marked openings, into which the balls roll. Means are provided for projecting the balls back to the top of the board. There is also a means provided for moving a ball-supporting panel to release the said balls from the ball exit openings. The details of the structure are set out in the claim.

The patent to Mendes et al. relates to a toy golf game containing a board having holes therein for receiving the balls. Five of the holes of the Mendes et al. patent are at the lower end of the board. The remaining sixth hole is at the opposite end of the board. The said five holes are arranged in a cross-shaped pattern as follows:

```
        o

     o  o  o

        o
```

The patent to Rentz is for a golf game apparatus quite similar to that of appellant, the ball-receiving holes of Rentz being arranged in a manner somewhat comparable to those of the Mendes et al. patent.

The patent to Paulin et al. shows a game apparatus which works on the same plan as that of appellant, but the pattern made by the ball exit openings differs considerably from that of appellant.

Appellant in his brief here stresses the fact that no prior reference shows his exact arrangement.

The Examiner referred to all three references and stated that while there was no conventional geometrical pattern made by the arrangement of the openings in the structure of the Paulin et al. patent, there would be no mechanical difficulty encountered in so locating them as to form a pattern like that of applicant's board. He gives it as his opinion that:

"The appealed claim is thought to be unpatentable over the Paulin patent for no invention would be required to locate the holes thereof in the arrangement claimed in view of the generally similar and equivalent arrangements shown in the Rentz and Mendes patents."

The Board of Appeals did not refer to Paulin et al., but used the following language:

"The only material question involved in this appeal is, whether the arrangement of the openings of a game board disposed at equal intervals from each other and in acrostic rows, involves invention over the geometric arrangement of the openings of Rentz or Mendes et al.

"We have duly considered appellant's argument but in our opinion the difference is merely one of choice rather than of invention."

We agree with the tribunals of the Patent Office that arranging the ball openings in the manner called for by the claim does not involve invention, and that appellant's said claim 7 is not patentable over the prior art cited.

The decision of the Board of Appeals is affirmed.

Affirmed.